William J. Brutocao (State Bar No. 75959)
SHELDON MAK ROSE & ANDERSON PC
100 East Corson Street - Third Floor
Pasadena, California 91103-3842
Telephone: (626) 796-4000
Facsimile:  (626) 795-6321
william.brutocao@smralaw.com

Louis S. Mastriani (*pro hac vice* motion pending)
Jamie D. Underwood (*pro hac vice* motion pending)
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, NW, Fifth Floor
Washington, DC 20036
mastriani@adduci.com

*Attorneys for Plaintiff Bel Air Lighting, Inc.*

1 07-CV-2822

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CV07-05616 GHK FMX

| | |
|---|---|
| BEL AIR LIGHTING, INC. <br><br> Plaintiff, <br><br> v. <br><br> PROGRESSIVE LIGHTING, INC. <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR DECLARATORY RELIEF, COPYRIGHT INFRINGEMENT AND VIOLATION OF THE UNFAIR COMPETITION LAW** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, by counsel, allege for its Complaint as follows:

## I. NATURE OF THE CASE

1. This case is an action for declaratory relief, copyright infringement and unfair competition.

## II. PARTIES

2. Plaintiff Bel Air Lighting, Inc. ("Bel Air") is a California corporation with its principal place of business located at 28104 Witherspoon Parkway, Valencia, California 91355.

3.   Defendant Progressive Lighting, Inc. ("Progressive Lighting") is a corporation with its principal place of business located at 1621 Satellite Boulevard, Duluth, Georgia 30097.

### III.   JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332(a), 1338 (a), 2201 and the doctrine of pendent jurisdiction.

5.   The Court has personal jurisdiction over both parties as the Plaintiff is a California corporation liable to suit in this state and district, and the Defendant has substantial contacts with the State of California. Progressive Lighting does business, *inter alia*, under the name "Savoy House." The Savoy House website (www.savoyhouse.com) lists one hundred and thirty-five (135) separate retail outlets where its products may be purchased in the State of California. Many of these retail outlets are located within this judicial district.

6.   Venue is properly laid in this district pursuant to 28 U.S.C. § 1391(b).

### IV.   STANDING

7.   Plaintiff has standing to seek declaratory relief, as there is an actual case or controversy between the parties.

8.   Bel Air distributes certain light fixtures through Lowe's Companies, Inc. ("Lowe's").

9.   On March 5, 2007, counsel for Karyl Pierce Paxton sent correspondence to Lowe's alleging that several of Lowe's lighting fixtures sold under Lowe's Portfolio brand were copies of Ms. Paxton's Cumberland/Fleur de Lis series of lighting fixtures.

10.  The March 5, 2007, letter from Ms. Paxton's counsel further alleged that the Cumberland/Fleur de Lis design was exclusively licensed to Progressive Lighting, Inc./Savoy House.

11.  The March 5, 2007, letter from Ms. Paxton's counsel further stated that "[w]e believe that Lowe's is a reputable company that would not knowingly copy original designs of others, and, thus, we presume that Lowe's is not aware of the

attached designs of Ms. Paxton. We understand that Lowe's supplier is Bel Air Lighting, and we suspect that Bel Air Lighting may have had Ms. Paxton's designs copied."

12. On May 29, 2007, counsel for Progressive Lighting sent correspondence to Lowe's alleging that Progressive Lighting now owned the copyright in the Cumberland Fleur de Lis lighting fixtures by virtue of an assignment from Ms. Paxton.

13. The May 29, 2007, correspondence to Lowe's identified the copyright in the Cumberland/Fleur de Lis lighting fixtures as Copyright Registration No. VA-1-391-615 ("the Progressive Lighting copyright").

14. The May 29, 2007, correspondence to Lowe's further alleged that three chandeliers sold by Lowe's under its Portfolio brand infringe the Progressive Lighting copyright.

15. The May 29, 2007, letter from Lowe's counsel further alleged that "Lowe's is infringing on our client's copyright."

16. The May 29, 2007, letter from Lowe's counsel further alleged that "Lowe's is required to cease and desist immediately."

17. Lowe's subsequently invoked Bel Air's contractual duty to indemnify and hold Lowe's harmless from any liability arising out of any alleged infringement of any copyright.

18. Bel Air continues to sell the accused chandeliers to Lowe's. Bel Air intends to offer the accused chandeliers for sale to Lowe's in the future.

19. In any suit filed by Progressive Lighting against Lowe's, Bel Air would be the true party in interest.

## COUNT I

## **DECLARATORY RELIEF OF INVALIDITY OF COPYRIGHT**

20. Bel Air realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 19 above.

21. The subject matter of Copyright Registration No. VA 1-391-615 is closely derived from the earlier work of Da-Young Wang.

22. Da-Young Wang is a Chinese designer of light fixtures.

23. On information and belief, Da-Young Wang is associated with Rei-Heng Studio, a Chinese maker of lighting fixtures.

24. On information and belief, Progressive Lighting regularly purchases light fixtures from Chinese manufacturers and has knowledge of Rei-Heng Studio and/or Da-Young Wang.

25. On information and belief, the putative author of the copyright, Karyl Pierce Paxton, became aware of Mr. Wang's designs through her association with Progressive Lighting.

26. Ms. Paxton applied to the United States Copyright Office in December 2006 to register her exclusive rights in certain sculpture designs. Ms. Paxton's application for copyright did not disclose Mr. Wang's prior designs.

27. The Progressive Lighting copyrights are invalid as lacking originality.

## COUNT II

## FRAUD ON THE COPYRIGHT OFFICE

28. Bel Air realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 27 above.

29. The Progressive Lighting copyright is to a design derived from the work of Da-Young Wang.

30. On information and belief, Ms. Paxton was aware of the Da-Young Wang designs.

31. Ms. Paxton did not disclose the existence of the Da-Young Wang designs to the Copyright Office.

32. Ms. Paxton's failure to disclose the sculpture and designs from which her copyright was derived is fraud upon the Copyright Office.

## COUNT III

## DECLARATORY RELIEF OF NONINFRINGEMENT

33. Bel Air realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 32 above.

34. The Progressive Lighting copyright is not infringed, as there is no substantial similarity between the original features of the Progressive Lighting copyright, if any, and the accused chandeliers.

## COUNT IV

## COPYRIGHT INFRINGEMENT

35. Bel Air realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 34 above.

36. Da-Young Wang created certain unique sculptures in 2001.

37. These sculptures were first published in China in 2001.

38. Da-Young Wang created additional unique sculptures in 2003.

39. These sculptures were first published in China in 2003.

40. Da-Young Wang created certain additional unique sculptures in 2004.

41. These sculptures were first published in China in 2004.

42. Da-Young Wang is and has been at all relevant times mentioned herein a citizen of the People's Republic of China.

43. On July 21, 2007, Mr. Wang assigned his full right and title to the copyrights described above to Bel Air.

44. On or about August 7, 2007, Bel Air applied to register the Da-Young Wang designs created in 2001 with the United States Copyright Office.

45. On or about August 10, 2007, Bel Air applied to register the Da-Young Wang designs created in 2003 and 2004 with the United States Copyright Office.

46. Progressive Lighting, through its "Savoy House" division, has sold certain lighting fixtures as part of its "Cumberland collection."

47. Certain light fixtures included within the Cumberland collection are identical to or substantially closely similar to Bel Air's copyrighted designs.

48. Through their conduct averred herein, Defendant has infringed, and continues to infringe, Plaintiff's copyrights, by importing, distributing and selling works embodying the copyrighted material in violation of Sections 104(b)(1), 106 and 113 of the Copyright Act. 17 U.S.C. §§ 104(b)(1), 106 and 113.

## COUNT V

## UNFAIR and UNLAWFUL BUSINESS PRACTICES

### (California Business & Professions Code Section 17200 *et seq.*)

49. Bel Air realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 54 above.

50. The acts and practices of defendant as alleged herein constitute unlawful and unfair business acts and practices within the meaning of California Business & Professions Code § 17200, *et seq.*

51. Defendants have engaged in "unlawful" business acts and practices by violating, at least, 15 U.S.C. §§ 1 and 2.

52. Defendants have also engaged in "unfair" business acts or practices in that the harm caused by defendants' conduct outweighs any utility of such conduct, and such conduct offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, and causes substantial injury to Bel Air and to consumers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests of this Court the following relief:

A. Entering declaratory judgment in favor of Bel Air and against Progressive Lighting declaring that Copyright Registration No. VA-1-391-615 is invalid and not infringed by any product sold by Lowe's;

B. Awarding equitable and injunctive relief enjoining Defendants from pursuing the acts and practices described in this Complaint;

C. For Progressive Lighting to pay Bel Air damages in an amount to be determined;

D. For Bel Air to be awarded the costs and disbursements incurred by Plaintiff in connection with this action, including reasonable attorneys' fees as permitted by law; and

E. Such other and further relief as the Court deems just and proper.

Dated: August 28, 2007

Respectfully submitted,

*[signature]*

William J. Brutocao
SHELDON MAK ROSE & ANDERSON PC
100 East Corson Street - Third Floor
Pasadena, California 91103-3842
Telephone: (626) 796-4000
Facsimile: (626) 795-6321

Louis S. Mastriani (*pro hac vice* motion pending)
Jamie D. Underwood (*pro hac vice* motion pending)
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, NW, Fifth Floor
Washington, DC 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006

*Counsel for Plaintiff Bel Air Lighting, Inc.*

## DEMAND FOR JURY TRIAL

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Bel Air Lighting, Inc. hereby demands a trial by jury of all jury triable issues herein.

Dated: August 28, 2007

Respectfully submitted,

*[signature]*

William J. Brutocao
SHELDON MAK ROSE & ANDERSON PC
100 East Corson Street - Third Floor
Pasadena, California 91103-3842
Telephone: (626) 796-4000
Facsimile: (626) 795-6321

Louis S. Mastriani (*pro hac vice* motion pending)
Jamie D. Underwood (*pro hac vice* motion pending)
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, NW, Fifth Floor
Washington, DC 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006

*Counsel for Plaintiff Bel Air Lighting, Inc.*