## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| **BEL AIR LIGHTING, INC.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No:** |
| **vs.** | ) | |
| | ) | **1:07-CV-2822-TWT** |
| **PROGRESSIVE LIGHTING,** | ) | |
| **INC.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

### PROGRESSIVE LIGHTING, INC.'S ANSWER
### TO PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF,
### COPYRIGHT INFRINGEMENT AND VIOLATION OF
### UNFAIR COMPETITION LAW AND COUNTERCLAIM

COMES NOW, Defendant Progressive Lighting, Inc. ("Progressive Lighting"), by and through its attorneys, and files this Answer and defenses to Plaintiff's Complaint for Declaratory Relief, Copyright Infringement and Violation of Unfair Competition Law ("Plaintiff's Complaint") and Counterclaim.

### DEFENSES

### FIRST DEFENSE

Plaintiff has failed to state a claim for which relief can be granted.

1

## SECOND DEFENSE

Plaintiff's alleged copyright is invalid.

## THIRD DEFENSE

Plaintiff's alleged copyright is unenforceable.

## FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## ANSWER

Responding to the individually enumerated paragraphs of Plaintiff's

Complaint, Progressive Lighting states as follows:

## I.  NATURE OF CASE

1.      Progressive Lighting admits that Plaintiff's Complaint purports to set

forth an action for declaratory relief, copyright infringement and unfair

competition. Progressive Lighting denies all remaining allegations of Paragraph 1.

## II.  PARTIES

2.      Progressive Lighting is without information or knowledge sufficient

to form a belief as to the allegations of Paragraph 2 and, thus, denies same.

3.      Progressive Lighting admits that it is a corporation.  Progressive

Lighting denies the remaining allegations of Paragraph 3.

## III.  JURISDICTION AND VENUE

4.    Progressive Lighting does not contest jurisdiction in this Georgia Court but denies that the California court in which the Complaint was originally filed has subject matter jurisdiction over the action.

5.    Progressive Lighting does not contest personal jurisdiction in this Georgia Court.

6.    Progressive Lighting does not contest venue in this Georgia District but denies that venue was proper in the California Court in which this case was originally filed and, thus, transferred from.

## IV. STANDING

7.    Progressive Lighting admits that there is an actual case or controversy between the parties.  Progressive Lighting denies all remaining allegations of Paragraph 7.

8.    Admitted.

9.    Progressive Lighting admits that on March 5, 2007, counsel for Karyl Pierce Paxton sent a letter to Lowe's.  Progressive Lighting denies the remaining allegations of Paragraph 9 because the allegations truncate and paraphrase the contents of the March 5, 2007 letter, which speaks for itself.

10.     Progressive Lighting denies the allegations of Paragraph 10 because the allegations truncate and paraphrase the contents of the March 5, 2007 letter, which speaks for itself.

11.     Progressive Lighting admits that the quoted phrase appears in the March 5, 2007 letter. Progressive Lighting denies the remaining allegations of Paragraph 11 because the allegations truncate and paraphrase the contents of the March 5, 2007 letter, which speaks for itself.

12.     Progressive Lighting admits that counsel for Progressive Lighting sent a letter to Lowe's on May 29, 2007.  Progressive Lighting denies the remaining allegations of Paragraph 12 because the allegations truncate and paraphrase the contents of the May 29, 2007 letter, which speaks for itself.

13.     Progressive Lighting denies the allegations of Paragraph 13 because the allegations truncate and paraphrase the contents of the May 29, 2007 letter, which speaks for itself.

14.     Progressive Lighting denies the allegations of Paragraph 14 because the allegations truncate and paraphrase the contents of the May 29, 2007 letter, which speaks for itself.

15.     Progressive Lighting admits that the quoted phrase appears in the May 29, 2007 letter.  Progressive Lighting denies the remaining allegations of

Paragraph 15 because the allegations truncate and paraphrase the contents of the May 29, 2007 letter, which speaks for itself.

16.    Progressive Lighting admits that the quoted phrase appears in the May 29, 2007 letter.  Progressive Lighting denies the remaining allegations of Paragraph 16 because the allegations truncate and paraphrase the contents of the May 29, 2007 letter, which speaks for itself

17.    Progressive Lighting is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 17 and, thus, denies same.

18.    Progressive Lighting admits that Bel Air continues to sell the accused lighting fixtures.  Progressive Lighting is without information or knowledge sufficient to form a belief as to the remaining allegations of Paragraph 18 and, thus, denies same.

19.    Denied.

## COUNT I

## DECLARATORY RELIEF OF INVALIDITY OF COPYRIGHT

20.    Progressive Lighting repeats and incorporates its answers to the allegations in Paragraphs 1 through 19 of Plaintiff's Complaint as if set forth herein in full.

21.    Denied.

22.    Progressive Lighting is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 22 and, thus, denies same.

23.    Progressive Lighting is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 23 and, thus, denies same.

24.    Progressive Lighting admits that it has relationships with some Chinese manufacturers but specifically denies that it had knowledge of either Rei-Hen Studio or Da-Young Wang before receiving counsel for Bel-Air's correspondence regarding same.

25.    Denied.

26.    Progressive Lighting admits that Ms. Paxton applied for a copyright registration in December 2006. Progressive Lighting also admits that Ms. Paxton's application did not disclose Mr. Wang's alleged prior designs because Ms. Paxton was unaware of Mr. Wang and his alleged prior designs.

27.    Denied.

## COUNT II

## FRAUD ON THE COPYRIGHT OFFICE

28.    Progressive Lighting repeats and incorporates its answers to the allegations in Paragraphs 1 through 27 of Plaintiff's Complaint as if set forth herein in full.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

## COUNT III

## DECLARATORY RELIEF OF NON INFRINGEMENT

33.    Progressive Lighting repeats and incorporates its answers to the allegations in Paragraphs 1 through 32 of Plaintiff's Complaint as if set forth herein in full.

34.    Denied.

## COUNT IV

## COPYRIGHT INFRINGEMENT

35.    Progressive Lighting repeats and incorporates its answers to the allegations in Paragraphs 1 through 34 of Plaintiff's Complaint as if set forth herein in full.

36.    Progressive Lighting is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 36 and, thus, denies same.

37.    Progressive Lighting is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 37 and, thus, denies same.

38.    Progressive Lighting is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 38 and, thus, denies same.

39.    Progressive Lighting is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 39 and, thus, denies same.

40.    Progressive Lighting is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 40 and, thus, denies same.

41.    Progressive Lighting is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 41 and, thus, denies same.

42.    Progressive Lighting is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 42 and, thus, denies same.

43.    Progressive Lighting is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 43 and, thus, denies same.

44.    Progressive Lighting is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 44 of the Complaint and, thus, denies same.

45.    Progressive Lighting is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 45 and, thus, denies same.

46.    Admitted.

47.    Progressive Lighting denies that Bel Air has a valid copyright on any of the designs in the Cumberland Collection.  Progressive Lighting admits that lighting fixtures sold by Bel Air are identical to or substantially similar to Progressive Lighting's copyrighted designs within the Cumberland Collection.

48.    Denied.

## COUNT V

## UNFAIR and UNLAWFUL BUSINESS PRACTICES

## (California Business and Professional Code Section 17200 *et seq.*)

49.    Progressive Lighting repeats and incorporates its answers to the allegations in Paragraphs 1 through 48 of Plaintiff's Complaint as if set forth herein in full.

50.    Denied.

51.    Denied.

52.    Denied.

## PROGRESSIVE LIGHTING'S COUNTERCLAIM

## NATURE OF THE ACTION

1.    Bel Air Lighting, Inc. ("Bel Air") has infringed and is continuing to infringe Progressive Lighting's copyright with full knowledge that the lighting fixtures they are selling are substantially similar in appearance to, and thus an

infringement of, Progressive Lighting's copyrighted designs in violation of 17 U.S.C. § 501.  This suit seeks to redress and enjoin the deliberate, willful infringing activities Bel Air.

## PARTIES

2.      Plaintiff Progressive Lighting is a corporation organized and existing under the laws of the State of Georgia, having its principal place of business at 625 Braselton Parkway, Braselton, Georgia 30517.

3.      Bel Air is a corporation organized and existing under the laws of the state of California, having its principal place of business at 28104 Witherspoon Parkway, Valencia, California 91355.

## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction under the Federal Copyright Act, 17 U.S.C. §§ 101 et seq.; under the Judicial Code, 28 U.S.C. §§ 1331, 1338, and 1367(a); and under 28 U.S.C. §§ 1332 and 1337, because there is diversity of citizenship among the parties and a sufficient amount in controversy.

5.      The Court has personal jurisdiction over Bel Air because it has committed wrongful and tortious acts within the State of Georgia and the Northern District of Georgia, as well as acts outside of the geographic areas with substantial impact and injury to Progressive Lighting within these geographic areas. Bel Air,

directly or through its subsidiaries, divisions or groups, is doing business within

the State of Georgia and the Northern District of Georgia, and throughout the

United States, and this Court, therefore, has personal jurisdiction based on

O.C.G.A. § 9-10-91.

6.      This Court is the proper venue for this case under 28 U.S.C. § 1391(b)

and (c) and § 1400(b) because Bel Air is subject to personal jurisdiction in this

district.

## FACTUAL ALLEGATIONS

7.      Progressive Lighting is and has been engaged in the design, creation,

and distribution of a wide variety of lighting fixtures.

8.      In January 2005, Progressive Lighting introduced new lighting

fixtures, including its Cumberland/Fleur de Lis Interior and Sonoma Interior

collections (the "Works").

9.      The Works contain creative design elements original to Progressive

Lighting that are copyrightable subject matter under the laws of the United States.

10.      On December 18, 2006, the author of the Works filed an application

to register the Works in the Copyright Office. On April 10, 2007, Copyright

Registration No. VA-1-391-615 issued.  A true and correct copy of the issued

copyright registration is attached as Exhibit A.

11.    On June 1, 2007, the author assigned to Pierce Paxton Design, Inc. all of her rights, title and interest in and to the copyright, along with the right-to-sue and collect damages for past infringement of the copyrighted Works.

12.    On June 1, 2007, Pierce Paxton Design, Inc. assigned to Progressive Lighting all of its rights, title and interest in and to the copyright, along with the right-to-sue and collect damages for past infringement of the copyrighted Works.

13.    Bel Air has had access to all of Progressive Lighting's copyrighted lighting fixtures by, *inter alia*, their presence in Progressive Lighting's marketing and advertising brochures and product catalogs, which are widely available in the industry.

14.    Progressive Lighting has not given Bel Air permission to manufacture, have manufactured, copy, or distribute copies of lighting fixtures bearing any of Progressive Lighting's copyrighted, original designs,

15.    Upon information and belief, Bel Air has sold and offered for sale, publicly displayed and/or distributed unauthorized, infringing lighting fixtures embodying Progressive Lighting's copyrighted designs throughout the United States, including Georgia.  Bel Air's lighting fixtures are identical, or at least substantially similar in appearance, to Progressive Lighting's copyrighted designs.

16.    On March 5, 2007, counsel for the then-owner of the copyrighted Works sent a letter to Lowe's Companies, Inc.'s corporate offices in Mooresville, North Carolina informing Lowe's that its sale of the accused lighting fixtures infringed its copyright.  Lowe's did not respond to that letter.

17.    By letter dated May 29, 2007, Progressive Lighting's counsel informed Lowe's Companies, Inc. that Progressive Lighting was now the owner of Copyright Registration No. VA-1-391-615, that Lowe's was continuing to willfully infringe Progressive Lighting's proprietary rights and demanded that Lowe's cease and desist from its infringing conduct.

18.    Upon information and belief, Bel Air is contractually obligated to indemnify Lowe's for any infringement arising out of Lowe's sales of the infringing lighting fixtures.

19.    Upon information and belief, Bel Air continues to sell and offer the infringing lighting fixtures for sale.

20.    Bel Air's willful infringement of Progressive Lighting's intellectual property has caused and is causing Progressive Lighting to suffer serious and irreparable injury.

## COUNT I
## COPYRIGHT INFRINGEMENT

21.    Progressive Lighting repeats, realleges, and incorporates the allegations of paragraphs 1-20, as if set forth fully herein.

22.    Progressive Lighting owns all title and interest in the above-identified copyright.

23.    By its conduct set forth above, Bel Air is infringing Progressive Lighting's copyrights by unlawfully distributing to the public infringing lighting fixtures that duplicate, mimic or are otherwise substantially similar in appearance to the authentic, copyrighted lighting fixtures of Progressive Lighting, in violation of the copyright laws of the United States, Title 17, United States Code.

24.    Bel Air's infringement was, and continues to be, willful and with full knowledge of Progressive Lighting's copyright and was and is in conscious disregard of Progressive Lighting's exclusive rights in the copyrighted Works.

25.    Progressive Lighting is entitled to recover from Bel Air the actual damages suffered by Progressive Lighting and Lowe's additional profits.

26.    Bel Air's deliberate infringement of Progressive Lighting's copyright has greatly and irreparably damaged Progressive Lighting, and Bel Air will continue to damage Progressive Lighting greatly and irreparably unless enjoined by this Court.  In the absence of injunctive relief, Progressive Lighting will have

no adequate remedy at law.  Accordingly, Progressive Lighting is entitled to a preliminary and final injunction in accordance with 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

WHEREFORE, for the reasons set forth above, Progressive Lighting prays for judgment as follows:

1.    Judgment in favor of Progressive Lighting and against Bel Air;

2.    Judgment that Bel-Air is not entitled to any relief sought as presented in its Prayer for Relief in Paragraph A through E;

3.    An Order that restrains and preliminarily enjoins, and a Final Order that permanently enjoins, Bel Air, and its respective officers, agents, representatives, employees, attorneys, and all persons acting in concert with any of them, from, manufacturing, importing, distributing, displaying (on the Web or elsewhere), offering for sale or selling lighting fixtures substantially similar in appearance to Progressive Lighting's copyrighted lighting fixtures;

4.    An Order requiring Bel Air and its respective officers, agents, representatives, employees, attorneys, and all persons acting in concert with any of them, to deliver up for impoundment throughout

the pendency of this action, and for destruction upon entry of judgment, all lighting fixtures that infringe Progressive Lighting's copyright, and any written materials distributed with the infringing lighting fixtures;

4.      An Order that requires Bel Air to pay Progressive Lighting's actual damages and Bel Air's additional profits;

5.      An Order multiplying or enhancing the amount of the damages awarded to Progressive Lighting, as provided by 17 U.S.C. § 504(c)(2);

6.      An Order that Bel Air compensates Progressive Lighting for the costs of this action, Progressive Lighting's reasonable attorneys' fees, and prejudgment interest; and

7.      An Order granting Progressive Lighting such other and further relief as this Court deems equitable and proper.

## <u>JURY DEMAND</u>

Progressive Lighting requests a trial by jury on all claims so triable.

Respectfully submitted, this 5th day of December, 2007.

/s/ Robin L. Gentry
William H. Needle
Georgia Bar No. 536400
Lawrence K. Nodine
Georgia Bar No. 545250
Jeffrey H. Brickman
Georgia Bar No. 080432
Robin L. Gentry
Georgia Bar No. 289899
rgentry@needlerosenberg.com

NEEDLE & ROSENBERG, P.C.
999 Peachtree Street, Suite 1000
Atlanta, Georgia  30309-3915
(404) 678-9300
(404) 678-9301 (Facsimile)

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **BEL AIR LIGHTING, INC.,** ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No:** |
| **vs.** ) | |
| ) | **1:07-CV-2822-TWT** |
| **PROGRESSIVE LIGHTING,** ) | |
| **INC.** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendants.** ) | |
| ) | |
| ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing <u>Progressive Lighting, Inc.'s Answer To Plaintiff's Complaint For Declaratory Relief, Copyright Infringement And Violation Of Unfair Competition Law And Counterclaim</u> was electronically filed and mailed via first class mail to:

| | |
|---|---|
| **William J. Brutocao** | **Louis S. Mastriani** |
| Sheldon Mak Rose & Anderson | Adduci Mastriani & Schaumberg |
| Third Floor | 5th Floor |
| 100 East Corson Street | 1200 Seventeenth Street, NW |
| Pasadena, CA 91103 | Washington, DC 20036 |

This 5th day of December, 2007.

/s/ Robin L. Gentry
Robin L. Gentry