# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BEL AIR LIGHTING, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. |
| PROGRESSIVE LIGHTING, INC., | ) 1:07-CV-2822 TWT ) |
| Defendant. | ) ) ) ) |

## BEL AIR LIGHTING, INC.'S ANSWER TO PROGRESSIVE LIGHTING, INC.'S COUNTERCLAIM AND JURY TRIAL DEMAND

Plaintiff/Counter-Defendant Bel Air Lighting, Inc. ("Bel Air"), by and through its attorneys, respectfully submits its answer to Defendant/Counter-Plaintiff Progressive Lighting, Inc.'s ("Progressive") Counterclaim asserted in its Response ("Response") to Bel Air's Complaint for Declaratory Relief, Copyright Infringement, and Violation of Unfair Competition Law ("Complaint").

## ANSWER

In response to the numbered paragraphs of Progressive's Counterclaim in the Response, Bel Air answers as follows:

## NATURE OF THE ACTION

1. Bel Air admits that Progressive's Counterclaim in its Response purports to set forth an action for copyright infringement against Bel Air. Bel Air, however, denies the allegations in paragraph one on the grounds that Progressive does not identify which Bel Air lighting fixtures it is accusing of infringement. Further, Bel Air denies that it had knowledge of the copyrighted "Works," as defined in paragraph eight of the Counterclaim in the Response, before July 2007. Bel Air also denies that the copyright to the "Works" is valid or enforceable and further denies all remaining allegations contained in paragraph one.

## PARTIES

2. Bel Air lacks specific information or knowledge sufficient to enable it to answer paragraph two and, on that basis, denies the allegations contained therein.

3. Bel Air admits the allegations contained in paragraph three.

## JURISDICTION AND VENUE

4. Bel Air does not contest subject matter jurisdiction in this Court but denies that Progressive has alleged sufficient details as to the purported amount in controversy to satisfy 28 U.S.C. §§ 1332 and 1337.

5. Bel Air does not contest personal jurisdiction in this Court but denies all allegations of having committed wrongful and tortious acts contained in paragraph five.

6. Bel Air does not contest venue in this Court but denies that proper venue is established under 28 U.S.C. § 1400(b).

## FACTUAL ALLEGATIONS

7. Bel Air lacks specific information or knowledge sufficient to enable it to answer paragraph seven and, on that basis, denies the allegations contained therein.

8. Bel Air lacks specific information or knowledge sufficient to enable it to answer paragraph eight and, on that basis, denies the allegations contained therein.

9. Bel Air denies the allegation in paragraph nine that the "Works," as defined in paragraph eight of the Counterclaim in the Response, contain creative design elements that are original to Progressive. The remaining allegations in paragraph nine involve legal opinions and conclusions, not factual allegations, and so require no specific response.

10. Bel Air denies the allegations in sentence one of paragraph ten, in that the true author of the designs embodied in the "Works," as defined in paragraph eight of the Counterclaim in the Response, is Da-Young Wang. Bel Air lacks

specific information or knowledge sufficient to enable it to answer the remaining allegations in sentence one of paragraph ten and, on that basis, denies same. With regard to the allegations contained in sentences two and three of paragraph ten, Bel Air states that Exhibit A speaks for itself.

11.    Bel Air denies the allegations in paragraph eleven, in that the true author of the designs embodied in the "Works," as defined in paragraph eight of the Counterclaim in the Response, is Da-Young Wang. Further, Bel Air denies that the copyright to which the paragraph refers is valid or enforceable, and, thus, no rights, title, or interest attaches to it. Bel Air lacks specific information or knowledge sufficient to enable it to answer the remaining allegations in paragraph eleven and, on that basis, denies same.

12.    Bel Air denies that the copyright to which paragraph twelve refers is valid or enforceable, and, thus, no rights, title, or interest attaches to it. Bel Air lacks specific information or knowledge sufficient to enable it to answer the remaining allegations in paragraph twelve and, on that basis, denies same.

13.    Bel Air denies that it had knowledge of the copyrighted "Works," as defined in paragraph eight of the Counterclaim in the Response, before July 2007. Further, Bel Air denies that the purported copyright to the "Works" is valid or enforceable. Bel Air lacks specific information or knowledge sufficient to enable

it to answer the remaining allegations in paragraph thirteen and, on that basis, denies same.

14. Bel Air denies that the designs to the "Works," as defined in paragraph eight of the Counterclaim in the Response, are original or proprietary to Progressive. Further, Bel Air denies that the purported copyright to the "Works" is valid or enforceable. Bel Air admits that Progressive has not given Bel Air permission to manufacture, have manufactured, copy, or distribute copies of the "Works." Bel Air denies all remaining allegations contained in paragraph fourteen.

15. Bel Air denies that the copyright of the designs to which the paragraph refers is valid or enforceable, and that its lighting fixtures infringe the copyright. Bel Air further denies the remaining allegations contained in paragraph fifteen.

16. Bel Air denies the allegations in paragraph sixteen, in that the true author of the designs embodied in the "Works," as defined in paragraph eight of the Counterclaim in the Response, and owner thereof on March 5, 2007, was Da-Young Wang. Bel Air lacks specific information or knowledge sufficient to enable it to answer the remaining allegations in paragraph sixteen and, on that basis, denies same.

17. Bel Air lacks specific information or knowledge sufficient to enable it to answer the allegations in paragraph seventeen and, on that basis, denies the allegations contained therein.

18. Bel Air denies that the lighting fixtures to which paragraph eighteen refers are infringing. Further, Bel Air denies the allegations contained in paragraph eighteen as stated but admits that Bel Air has a contractual duty to indemnify and hold Lowe's harmless from any liability arising out of any alleged infringement of any copyright.

19. Bel Air admits that it continues to sell and offer for sale the lighting fixtures to which paragraph nineteen refers but denies that such fixtures are infringing.

20. Bel Air denies the allegations contained in paragraph twenty.

## COUNT I – COPYRIGHT INFRINGEMENT

21. In response to the allegations contained in paragraph twenty-one, Bel Air incorporates as if fully set out herein all of its responses in numbered paragraphs one through twenty.

22. Bel Air denies that the copyright to which paragraph twenty-two refers is valid and enforceable, and, thus, no rights, title, or interest attaches to it. Bel Air lacks specific information or knowledge sufficient to enable it to answer the remaining allegations in paragraph twenty-two and, on that basis, denies same.

23. Bel Air denies that the copyright to which paragraph twenty-three refers is valid, enforceable, or infringed. Further, Bel Air denies that the designs of the lighting fixtures to which paragraph twenty-three refers is "authentic" or original as to Progressive. Bel Air further denies the remaining allegations contained in paragraph twenty-three.

24. Bel Air denies that the copyright to which the paragraph refers is valid or enforceable, and, thus, no rights, title, or interest attaches to it. Bel Air also denies that it had knowledge of the "Works," as defined in paragraph eight of the Counterclaim in the Response, before July 2007. Bel Air further denies the remaining allegations contained in paragraph twenty-four.

25. Bel Air denies that it has caused any damages to Progressive. Accordingly, Progressive is entitled to no recovery, and Bel Air denies the allegations in paragraph twenty-five.

26. Bel Air denies that the copyright to which the paragraph refers is valid or enforcable, and, thus, no rights, title, or interest attaches to it. Bel Air also denies that the copyright is infringed. Further, the allegations in sentences two and three of paragraph twenty-six involve legal opinions and conclusions, not factual allegations, and so require no specific response. Bel Air denies the remaining allegations contained in paragraph twenty-six.

27. Bel Air denies all other allegations of the Counterclaim in the Response to which it has not otherwise responded.

## PRAYER FOR RELIEF

With regard to the Prayer for Relief for the Counterclaim in the Response, Bel Air states that the relief that Progressive seeks speaks for itself.

## AFFIRMATIVE DEFENSES

Bel Air asserts the following affirmative defenses to the Counterclaim in the Response.

## FIRST DEFENSE

The Counterclaim fails to state a claim on which relief can be granted.

## SECOND DEFENSE

Progressive's Counterclaim is barred by the doctrine of unclean hands.

## THIRD DEFENSE

Progressive's alleged copyright is invalid.

## FOURTH DEFENSE

Progressive's alleged copyright is not infringed.

## FIFTH DEFENSE

Progressive's Counterclaim is barred, because a fraud was perpetrated upon the U.S. Copyright Office in obtaining Registration No. VA 1-391-615 by reason of material misrepresentation made by the applicant regarding authorship of the claimed copyright.

## SIXTH DEFENSE

Progressive's Counterclaim is barred by the doctrine of misuse.

## SEVENTH DEFENSE

Progressive's alleged copyright is unenforceable.

## EIGHTH DEFENSE

Bel Air reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

**WHEREFORE** having fully responded to the allegations in Progressive's Counterclaim in the Response, Bel Air requests that:

(a) the relief sought in the Counterclaim be denied and judgment entered in favor of Bel Air;

(b) Bel Air be awarded its costs and attorneys fees in this action; and

(c) that the Court award any other relief in favor of Bel Air that it determines is just, equitable, and proper.

## JURY TRIAL DEMAND

Bel Air requests a trial by jury on all claims so triable.

Dated: December 21, 2007          Respectfully submitted,


/s/ Elizabeth Ann Morgan
Elizabeth Ann Morgan
Georgia Bar No. 522206
EPSTEIN BECKER & GREEN
Resurgens Plaza
945 East Paces Road
Atlanta, Georgia 30326
Telephone: (404) 869-5315
Facsimile: (404) 869-5415

Louis S. Mastriani
Jamie D. Underwood
ADDUCI, MASTRIANI & SCHAUMBERG, LLP
1200 Seventeenth Street NW, Fifth Floor
Washington, DC 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006

*Counsel for Defendant Bel Air Lighting, Inc.*

832015_1.DOC

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| BEL AIR LIGHTING, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PROGRESSIVE LIGHTING, INC., )<br>)<br>Defendant. )<br>)<br>)<br>) | CIVIL ACTION NO.<br>1:07-CV-2822 TWT |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of December, 2007, I electronically filed the foregoing **BEL AIR LIGHTING, INC.'S ANSWER TO PROGRESSIVE LIGHTING, INC.'S COUNTERCLAIM IN ITS RESPONSE TO THE COMPLAINT** with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

William H. Needle
Lawrence K. Nodine
Jeffrey H. Brickman
Robin L. Gentry
NEEDLE & ROSENBERG, P.C.
999 Peachtree Street, Suite 1000
Atlanta, Georgia 30309-3915

William B. Smith
Garrett L. Bradford
JONES DAY
1420 Peachtree Street, N.E.
Atlanta, GA 30309-3053

/s/ Elizabeth Ann Morgan
Elizabeth Ann Morgan
Georgia Bar No. 522206