IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BEL AIR LIGHTING, INC., )<br>    Plaintiff, )<br> )<br>v. )<br> )<br> )<br>PROGRESSIVE LIGHTING, INC., )<br>    Defendant. )<br> )<br> )<br> ) | CIVIL ACTION NO.<br>1:07-CV-2822 TWT<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF BEL AIR LIGHTING, INC.'S
INITIAL AND EXPERT DISCLOSURES**

Plaintiff Bel Air Lighting, Inc. ("Bel Air") respectfully submits its initial and expert disclosures regarding the above-captioned case pursuant to Federal Rule of Civil Procedure 26 and Local Rule 26.

**(1)   State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

**RESPONSE**

This civil copyright action consists of declaratory relief for invalidity and non- infringement of a copyright asserted by Defendant Progressive Lighting Inc. ("Progressive"), fraud on the U.S. Copyright Office, and unfair competition claims relating to a copyright in certain lighting fixture designs.

Beginning in March 2007, Progressive began accusing Lowe's Home Centers, Inc. ("Lowe's"), one of Bel Air's major customers, of copyright infringement by its sale of three of Lowe's Portfolio brand lighting fixtures that utilize a fleur-de-lis design.  Progressive knew that Bel Air supplied these fixtures to Lowe's, and that Bel Air had a contractual agreement to indemnify and hold Lowe's harmless from any liability arising out of any alleged infringement of any copyright.  Despite this knowledge, Progressive, did not contact Bel Air, but rather pursued its customer, Lowe's.  After receiving notice from Lowe's of Progressive's claims and conducting an investigation, Bel Air determined that neither it nor Lowe's had infringed any valid copyright that Progressive held via Copyright Registration No. VA-1-391-615.  Accordingly, Bel Air filed a declaratory judgment action against Progressive, pursuant to its contractual obligations to Lowe's.  In light of what it learned from its investigation, and its ownership of copyrightable subject matter, Bel Air also brought claims against Progressive for copyright infringement, fraud on the U.S. Copyright Office, and unfair competition against Progressive.

Bel Air's complaint is based on its belief that it has superior rights to the fleur-de-lis lighting fixture designs in question.  The full rights in the fleur-de-lis designs were assigned to Bel Air by their original author – Da-Young Wang.  Mr. Wang created the original principal designs four years prior to the 2005 year of

2

creation recorded by Paxton in Copyright Registration No. VA-1-391-615. Bel Air believes that Paxton had access to, and knew of, Mr. Wang's designs and misappropriated them as her own. Paxton did not disclose to the Copyright Office the true source of the Wang designs in her copyright application.

The legal issues to be tried include:

    a)    the validity of Progressive's asserted copyrights;

    b)    whether Bel Air has infringed Progressive's asserted copyright;

    c)    the validity of Bel Air's asserted copyrights;

    d)    whether Progressive has infringed Bel Air's asserted copyrights;

    e)    Progressive's damages;

    f)    Bel Air's damages; and

    g)    whether Ms. Paxton failed to disclose information known to her that was requested on her application for Copyright Registration No. VA-1-391-6w Progressive has engaged in unlawful business acts and practices under California law.

Plaintiff reserves the right to supplement this response at a later date.

**(2) Describe in detail all statutes, codes, regulations. legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

**RESPONSE**

    a) 17 U.S.C. § 101, *et seq.*

    b) California Business & Professional Code § 17200, *et seq*.

    c) 15 U.S.C. §§ 1-2.

Plaintiff reserves the right to supplement this response at a later date.

**(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identify the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

**RESPONSE**

See Attachment A.

**(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B). provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to initial Disclosures as Attachment B.)**

**RESPONSE**

None at this time.  Plaintiff reserves the right to supplement this response at

a later date.

**(5) Provide a copy of or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

**RESPONSE**

See Attachment C.

**(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

**RESPONSE**

Bel Air seeks damages from Progressive based on its infringement of Bel Air's copyright of its fleur-de-lis lighting fixture designs. The precise amount of Bel Air's losses is not known at this time. Plaintiff will timely supplement this response upon receipt of relevant information during discovery.

(7) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**RESPONSE**

None known at this time. Plaintiff reserves the right to supplement this response at a later date.

(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.

**RESPONSE**

None known at this time. Plaintiff reserves the right to supplement this response at a later date.

Date: January 11, 2008	s/ Elizabeth Ann Morgan
　　　　　　　　　　　　　　　Elizabeth Ann Morgan
　　　　　　　　　　　　　　　Georgia Bar No. 522206
　　　　　　　　　　　　　　　EPSTEIN BECKER & GREEN
　　　　　　　　　　　　　　　Resurgens Plaza
　　　　　　　　　　　　　　　945 East Paces Ferry Road
　　　　　　　　　　　　　　　Atlanta, Georgia 30326
　　　　　　　　　　　　　　　Telephone: (404) 869-5315
　　　　　　　　　　　　　　　Facsimile: (404) 869-5415

　　　　　　　　　　　　　　　Louis S. Mastriani (*pro hac vice* application pending)
　　　　　　　　　　　　　　　Jamie D. Underwood (*pro hac vice* application pending)
　　　　　　　　　　　　　　　ADDUCI, MASTRIANI & SCHAUMBERG, LLP
　　　　　　　　　　　　　　　1200 Seventeenth Street NW, Fifth Floor
　　　　　　　　　　　　　　　Washington, DC 20036
　　　　　　　　　　　　　　　Telephone: (202) 467-6300
　　　　　　　　　　　　　　　Facsimile: (202) 466-2006

　　　　　　　　　　　　　　　*Counsel for Plaintiff Bel Air Lighting, Inc.*

Trans700308.doc

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| BEL AIR LIGHTING, INC.,      ) | |
|     Plaintiff,      ) | |
|           ) | |
| v.      ) | |
|           ) | CIVIL ACTION NO. |
| PROGRESSIVE LIGHTING, INC.,      ) | 1:07-CV-2822 TWT |
|     Defendant.      ) | |
|           ) | JURY TRIAL DEMANDED |
|           ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 11th day of January, 2008, I electronically filed the foregoing **PLAINTIFF BEL AIR LIGHTING, INC.'S INITIAL AND EXPERT DISCLOSURES** with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

| | |
|---|---|
| William H. Needle | William B. Smith |
| Lawrence K. Nodine | Garrett L. Bradford |
| Jeffrey H. Brickman | JONES DAY |
| Robin L. Gentry | 1420 Peachtree Street, N.E. |
| NEEDLE & ROSENBERG, P.C. | Atlanta, GA  30309-3053 |
| 999 Peachtree Street, Suite 1000 | |
| Atlanta, Georgia  30309-3915 | |

                                                 /s/ Elizabeth Ann Morgan
                                                 Elizabeth Ann Morgan
                                                 Georgia Bar No. 522206

**ATTACHMENT A:**
**RESPONSE TO INITIAL DISCLOSURE QUESTION NO. 3**

1) Karyl Pierce Paxton
   Pierce Paxton Design Studio
   866 Camp Street
   New Orleans, Louisiana 70130

   Knowledge regarding the circumstances surrounding Ms. Paxton's alleged creation of the drawings underlying her fleur-de-lis designs and Copyright Registration No. VA-1-391-615.

2) Da-Young Wang

   Knowledge of the circumstances surrounding Mr. Wang's creation of the fleur-de-lis lighting fixture designs.

3) Rule 30(b)(6) witness from Progressive
   625 Braselton Parkway
   Braselton, Georgia 30517

   Knowledge of the details surrounding the manufacture of the fleur-de-lis lighting fixtures at issue sold by Progressive.

4) Rule 30(b)(6) witness from Bel Air
   28104 Witherspoon Parkway
   Valencia, California 91355

   Knowledge of the details surrounding the manufacture of the fleur-de-lis lighting fixtures at issue sold by Bel Air.

Plaintiff reserves the right to supplement this response at a later date.

**ATTACHMENT C:**
**RESPONSE TO INITIAL DISCLOSURE QUESTION NO. 5**

1)   Copyright Registration No. VA-1-391-615

2)   Drawings of Da-Young Wang

3)   Drawings of Karyl Pierce Paxton

4)   Excerpts from Lowe's catalog

5)   Metadata from the computer of Da-Young Wang

Plaintiff reserves the right to supplement this response at a later date.